IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

FILED

March 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

SHIRLEY DIANNE BOWDEN,
Executrix of the Estate of
JONES ELMER BOWDEN,
Deceased,

      Complainant-Appellee,

                                Shelby Probate No. B-27231

Vs.                            C.A. No. 02A01-9805-PB-00127

LARRY E. WARD,

      Defendant-Appellant.
_____

FROM THE SHELBY COUNTY PROBATE COURT
THE HONORABLE ROBERT S. BENHAM, JUDGE

John J. Mulrooney; Crone & Mason, PLC, of Memphis
For Appellee

Kathleen N. Gomes; Peppel, Gomes & MacIntosh, P.C. of Memphis
For Appellant

*REVERSED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

      This case concerns a creditor's claim against a decedent's estate. Appellant, Larry E.

Ward, appeals from the order of the probate court disallowing his claim against the Estate of

Jones Elmer Bowden.

On January 20, 1989, Ward and the decedent, Jones Elmer Bowden, entered into an agreement in which Ward sold a business and an airplane to the decedent. In accordance with the agreement, the decedent made regular payments to Ward until March 1991 when the decedent developed financial troubles. Because of the friendship that existed between the two, Ward agreed to carry the loan until the decedent was able to repay the debt. Unfortunately, the decedent was unable to repay the debt before his death on March 27, 1996.

On April 9, 1996, the decedent's estate was opened with his daughter, Shirley Dianne Bowden, qualifying as the Executrix. Pursuant to T.C.A. § 30-2-306(a), the probate court clerk published a Notice to Creditors in the newspaper on April 12 and 19, 1996. Furthermore, after being informed of her duty to send actual notice to creditors who were known or reasonably ascertainable, the Executrix searched through the decedent's records in order to locate the names and addresses of such creditors. As a result of this search, the Executrix identified seven creditors, none of which were Ward. Actual notice was properly given to each of these seven creditors pursuant to T.C.A. § 30-2-306(e).

While preparing the decedent's belongings for storage, the Executrix found Ward's name in the decedent's personal address book. On October 28, 1996, thinking that Ward may have information regarding litigation unrelated to the present action, the Executrix called the number listed for Ward and spoke to his daughter who answered the telephone. During the conversation, the Executrix asked why Ward's name would be in the decedent's personal address book. Ward's daughter told the Executrix that Ward and the decedent had business dealings and that the decedent owed Ward some money. The Executrix also informed Ward's daughter of the decedent's death. After the conversation, the Executrix searched the decedent's records a second time and was still unable to find any evidence of the debt claimed by Ward.

After learning of the decedent's death from his daughter in November, Ward mailed a letter on November 20, 1996 to the Administrator of the Estate in which he identified himself as a creditor of the decedent. In response, the attorney for the Estate sent a letter dated December 2, 1996 to Ward which denied that Ward was a creditor, and further stated that even if he was a creditor of the estate, his claim was time-barred because he did not file his claim within six months after the first publication of the Notice to Creditors. A copy of the published Notice to Creditors was enclosed in this letter to Ward. Ward called the attorney for the Estate upon

2

receipt of the letter.[1]

On December 30, 1996, Ward wrote a letter to the attorney representing the Estate informing the attorney that he had spoken to an attorney who advised him that he had a year to file his claim since he was not notified of the decedent's death and that he should file his claim immediately. However, Ward did not file his claim until more than two months later on February 11, 1997. The claim against the Estate was in the amount of $64,668.55. In response, the Executrix filed an exception to Ward's claim on February 24, 1997 on grounds that his claim was invalid and, even if it was valid, it was not timely filed.

The matter was heard on March 24, 1997 by Judge Leonard Pierotti who took the matter under advisement. While under advisement, Judge Pierotti passed away, and the matter was taken over by Judge Robert Benham who, by consent of the parties, made a determination of the matter based on the pleadings and the transcript of the March 24 hearing.

On March 18, 1998, the probate court issued a memorandum opinion and entered an order disallowing Ward's claim against the Estate. The probate court found that Ward was a known creditor of the decedent by November 20, 1996 when he mailed the letter to the attorney representing the Estate claiming to be a creditor, thus entitling Ward to receive actual notice as provided in T.C.A. § 30-2-306(e)(1984). The court further found that Ward received actual notice on December 6, 1996 when he received the letter from the attorney representing the Estate which contained the original Notice to Creditors. Since Ward received the Notice to Creditors after the expiration of the six month period, but more than 60 days before the first anniversary of decedent's death, the probate court determined that pursuant to T.C.A. § 30-2-307(a)(1)(A) Ward was provided sixty days from the date he received actual notice - December 6, 1996 - to file his claim. Thus, the probate court held that Ward's claim filed February 11, 1997, was not timely filed, and, therefore barred.

Ward perfected this appeal and presents the following issues, as stated in his brief, for

---

[1] There is some dispute as to when this call was made. The attorney for the Estate contends that the call was placed on December 6, 1996. Ward, on the other hand, does not remember exactly when the conversation occurred but implies that it took place after his return from a trip to Mexico on December 13, 1996. However, the trial court credited the testimony of the attorney and found that the call was placed on December 6, 1996. The trial court used this date as the date Ward received actual notice of the decedent's death and, thus, in determining the time in which Ward had to file his claim.

our review:

> 1. Was the Appellant, Larry Ward, a known or reasonably ascertainable creditor that should have been given notice pursuant to T.C.A. § 30-2-306(e)?
> 2. What constitutes actual notice pursuant to T.C.A. § 30-2-307(a)(1) and did Appellant timely file his claim?

We will consider these issues together.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

The statutes pertinent to our inquiry are as follows:

> **30-2-306. Notice to creditors of qualification of personal representative.** - (a) It shall be the duty of the clerk of the court in which an estate is being administered, within thirty (30) days after the issuance of letters testamentary or of administration, to give in the name of the personal representative of such estate public notice of his qualification as such by two (2) consecutive weekly notices published in some newspaper of the county in which letters testamentary or of administration are granted, or, if no newspaper is published in such county, by written notices posted in three (3) public places in the county, one (1) of which shall be posted at the usual place for posting notices at the courthouse.

> \*         \*         \*

> (c) The notice shall be substantially in the following form:

> NOTICE TO CREDITORS

> Estate of _____ (name of deceased)
> Notice is hereby given that on the _____ day of _____, 19__
> letters testamentary (or of administration as the case may be) in respect of the estate of _____ (name of deceased) were issued to the undersigned by the _____ court of _____ County, Tennessee. All persons, resident and nonresident, having claims, matured or unmatured, against his (or her) estate are required to file the same with the clerk of the above named court within six (6) months from the date of the first publication (or of the posting, as the case may be) of this notice, otherwise their claims will be forever barred.
> This _____ day of _____, 19___.
> (Signed)_____
> Administrator (or Executor)
> Estate of _____
> (Name of deceased)

> \*         \*         \*

> (e) In addition, it shall be the duty of the personal

representative to mail or deliver by other means a copy of the published or posted notice as described in subsection (c) to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative, at such creditors' last known addresses. . . .

T.C.A. § 30-2-306 (a), (c) (1984) and (e) (Supp. 1998).[2]

In addition, T.C.A. § 30-2-307(a)(1)(A) and (B) provide:

(A) If a creditor receives actual notice less than sixty (60) days before the expiration of the period prescribed in § 30-2-306(c) or after the expiration of the period prescribed in § 30-2-306(c) and more than sixty (60) days before the date which is twelve (12) months from the decedent's date of death, such creditor's claim shall be barred unless filed within sixty (60) days from the date of receipt of actual notice; or
(B) If a creditor receives actual notice less than sixty (60) days before the date which is twelve (12) months from the decedent's date of death or receives no notice, such creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.

Ward agrees with the probate court that he was a "known" creditor on November 20, 1996. However, he further asserts that he was "reasonably ascertainable" prior to this date, and as such, he should have received the Notice to Creditors before the expiration of the six month period. Since he did not receive such notice prior to the expiration of the six months, Ward contends that he should have received notice pursuant to T.C.A. § 30-2-307.

Furthermore, Ward contends that as a known or reasonably ascertainable creditor who falls within the provisions of T.C.A. § 30-2-307(a)(1), it was the duty of the Executrix to tell him how to file, where to file, and how long he had to file. He asserts that the Executrix never gave him such notice in that she should have notified him of the time restraints in T.C.A. § 30-2-307 rather than the time restraints of T.C.A. § 30-2-306. Ward argues that the Estate failed to give him actual notice in that the notice given contained the wrong time limits and also informed him that his claim was time barred. Thus, he asserts that the improper notice he received is equivalent to no notice, and as such, he falls within the provisions of T.C.A. § 30-2-307(a)(1)(B) therefore having one year from the date of the decedent's death to file his claim. Having filed

---

[2] Subsection (c) of T.C.A. § 30-2-306 was amended in 1997 reducing the amount of time in which to file a claim from six months to four months. The amendment became effective on January 1, 1998 and applies to estates of decedents dying on or after January 1, 1998.

In the case sub judice, the amendment was not in effect given the fact that the decedent died on March 27, 1996, thus the six month period was applicable.

on February 11, 1997, within the one-year period, Ward argues that his claim was timely filed and should not be barred.

The Executrix contends that Ward failed to prove that he was a known or reasonably ascertainable creditor before November 20, 1996. She states that none of the decedent's records identified Ward as a creditor of the decedent and that she did not know Ward to be a creditor. Furthermore, the Executrix claims that she fulfilled her statutory duty as executrix by delivering to Ward the published Notice to Creditors. She argues that there is no statutory provision that requires her to change or modify the content of the Notice to Creditors to conform with the individual circumstances of a particular creditor.

The Executrix further asserts that Ward's claim was time barred because it was not filed within sixty days after he received the actual Notice to Creditors. She states that Ward was not known to or reasonably ascertainable by her as a creditor until after the six month period prescribed in T.C.A. § 30-2-306(c) expired and, when she did learn of Ward as a creditor, she delivered to him a copy of the actual Notice to Creditors as prescribed in T.C.A. 30-2-306(c). Finally, the Executrix submits that Ward's failure to follow the advice of his attorney was the cause of his claim being time barred.

From our review of the record, we find that the evidence does not preponderate against the trial court's finding that Ward was not a known or reasonably ascertainable creditor prior to November 20, 1996. The probate court correctly determined that Ward was a known creditor on November 20, 1996 when the Estate received the letter from Ward claiming to be a creditor of the decedent. If the original Notice to Creditors Ward received on December 6, 1996 constitutes actual notice for purposes of T.C.A. § 30-2-307, Ward had sixty days from December 6, 1996 within which to file his claim since such notice was received after the expiration of the six month period and more than sixty days before the date which is twelve months from the date of the decedent's death. *See* T.C.A. § 30-2-307(a)(1)(A). If this is the case, Ward's filing on February 11, 1997 would be outside of the sixty day period therefore barring his claim against the Estate. Thus, our inquiry is whether Ward received on December 6, 1996 actual notice as contemplated by T.C.A. § 30-2-307.

What constitutes actual notice for purposes of T.C.A. § 30-2-307 was addressed in *Estate of Jenkins v. Guyton*, 912 S.W.2d 134 (Tenn. 1995). The Supreme Court in *Estate of Jenkins*

6

concluded that "while the term 'actual notice' in § 30-2-307(a)(1) may be something other than an exact copy of the published *Notice to Creditors* outlined in § 30-2-306(c), such notice must, at a minimum, include information regarding the commencement of probate proceedings and the time period within which claims must be filed with the probate court." *Id.* at 138. *See also* 2 Jack W. Robinson & Jeff Mobley, ***Pritchard on Wills and Administration of Estates*** § 784 (5th ed. Supp. 1998) ("To be adequate, actual notice to a known creditor must include information regarding commencement of the probate proceedings and the period within which claims may be timely filed.").

Under the above authorities, the "actual notice" required by T.C.A. § 30-2-307 (a)(1)(A) and (B) must contain the time period within which a claim must be filed. Thus, given Ward's circumstances, the actual notice must have informed Ward that he had sixty days within which to file his claim against the Estate. *See* T.C.A. § 30-2-307(a)(1)(A). The Notice to Creditors sent to Ward contained the wrong time period. That notice contained a time period that had since expired and was not applicable to Ward since he received it outside of the six month period.[3]

Since the notice Ward received contained a time period that had since expired and failed to contain, at a minimum, the applicable time period in which he had to file his claim, Ward did not received "actual notice" as required by T.C.A. § 30-2-307. Thus, Ward, as a creditor of the Estate, falls within the provisions of T.C.A. § 30-2-307(a)(1)(B) in that he did not receive actual notice and has twelve months from the decedent's date of death within which to file his claim. Ward's claim filed on February 11, 1997, within the twelve month period from the date of the decedent's death, was timely filed.

Accordingly, the order of the probate court disallowing the claim is reversed, and the case is remanded for such further proceedings as necessary. Costs of the appeal are assessed against the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

_____

[3] It is also important to note that the attorney representing the Estate submitted erroneous information to Ward by stating that his claim was barred since it was not filed within the six month period.

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**