# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 12, 2014 Session

## IN RE: ESTATE OF LOIS WHITTEN

**Direct Appeal from the Chancery Court for Gibson County**
**No. 20634P      George R. Ellis, Chancellor**

---

**No. W2013-02579-COA-R3-CV - Filed September 8, 2014**

---

Creditor filed a claim against deceased debtor's estate.  Administrator of the estate filed an exception to the claim, alleging that it was not filed within the four-month period following publication of the Notice to Creditors.  The Chancery Court, Gibson County, George R. Ellis, J. allowed the claim after finding that the notice provided to Creditor was insufficient to constitute "actual notice" of the probate proceedings, and thus the one-year limitation period for filing claims applied. Administrator appealed.  We affirm the judgment of the Chancery Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. MICHAEL MALOAN, SP. J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, J., joined.

Harold Ross Gunn, Humboldt, Tennessee, for the appellant, Loyd Clough.

William B. Mauldin and Brandon O. Gibson, Jackson, Tennessee, for the appellee, The Drug Store.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. BACKGROUND AND PROCEDURAL HISTORY

The material facts of this case are undisputed. The decedent, Lois Whitten, died intestate on August 8, 2012. Ms. Whitten's brother, Loyd Clough (the "Administrator"), opened the estate by order of the Gibson County Chancery Court, which issued letters of administration on October 9, 2012. The Administrator first published the Notice to Creditors in *The Humboldt Chronicle* on October 17, 2012.

At the time of her death, Ms. Whitten owed an outstanding debt to The Drug Store Inc. ("The Drug Store") for prescription medication. On or about November 12, 2012, Administrator's attorney sent a letter to The Drug Store (the "November 12 letter"), enclosing with it a check for $6,108.94. In pertinent part, the letter stated:

> RE: Lois Whitten, Deceased
> Creditor:
>     Enclosed is a check for $6,108.94. This pays her bill in full. If not, please do not cash the check but return it to me.

The letter also included the attorney's address and phone number. After deeming the amount insufficient to pay Ms. Whitten's debt in full, The Drug Store returned the check to the attorney.

Following The Drug Store's return of the check in November 2012, it appears that there was no communication between the parties for several months. On April 29, 2013, The Drug Store filed a claim against the estate for an unpaid balance of $7,211.60. The Administrator filed an exception to The Drug Store's claim, alleging that it was not allowable because it was not filed within four months of the first publication of the Notice to Creditors. The Administrator contended that the claim was therefore barred pursuant to Tennessee Code Annotated section 30-2-306(b) and section 30-2-307(a). Notably, the Administrator did not object to the amount of the claim, only to its timeliness.

After a hearing on the issue, the court allowed the claim. The court found that because The Drug Store did not receive an actual copy of the published Notice to Creditors, it had twelve months to file its claim against the estate rather than four. The Administrator appeals the Chancery Court's ruling, arguing that the November 12 letter gave sufficient notice to The Drug Store that Ms. Whitten's estate had been opened and therefore limited the filing period to four months.

## II. STANDARD OF REVIEW

We review cases tried without a jury de novo upon the record with a presumption of

correctness as to the findings of fact, unless the evidence in the record preponderates otherwise. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. Ct. App. 2000). Questions regarding statutory construction are questions of law. *Id.* (citing *Myint v. Allstate Ins. Co.*, 970 S.W2d 920, 924 (Tenn. 1998)). We review questions of law de novo with no presumption of correctness. *Id.*

### III. ANALYSIS

Tennessee Code Annotated section 30-2-310(a) requires that claims against an estate be filed within twelve months of the date of the decedent's passing. Tenn. Code Ann. § 30-2-310(a) (2007 & Supp. 2014); *see also In re Estate of Ledford*, 419 S.W.3d 269, 279 (Tenn. Ct. App. 2013) ("Twelve months after [decedent's] passing, all claims were forever barred."). However pursuant to Tennessee Code Annotated section 30-2-306, the filing period may be shortened with respect to those creditors who receive "actual notice" of the probate proceedings. Subsection (d) imposes the following duty on personal representatives to deliver a copy of the notice to known creditors of the estate:

> (d) In addition, it shall be the duty of the personal representative to mail or deliver by other means a copy of the published or posted notice as described in subsection (b) to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative, at the creditors' last known addresses. This notice shall not be required where a creditor has already filed a claim against the estate, has been paid or has issued a release of all claims against the estate.

Tenn. Code Ann. § 30-2-306(d) (Supp. 2012). Additionally, subsection (b) provides guidance on the form of the notice required:

> (b) The notice shall be substantially in the following form:

### NOTICE TO CREDITORS

Estate of _____ (name of deceased)

Notice is hereby given that on the _____ day of _____, 20___ letters testamentary (or of administration as the case may be) in respect of the estate of _____ (name of deceased) who died _____, 20_____ were issued to the undersigned by the _____ court of _____ County, Tennessee. All persons, resident and nonresident, having claims, matured or unmatured, against the estate are required to file the same with the clerk of the above named court on or before the earlier of the

dates prescribed in (1) or (2), otherwise their claims will be forever barred:

(1)(A) Four (4) months from the date of the first publication (or posting, as the case may be) of this notice if the creditor received an actual copy of this notice to creditors at least sixty (60) days before the date that is four (4) months from the date of the first publication (or posting); or

(B) Sixty (60) days from the date the creditor received an actual copy of the notice to creditors if the creditor received the copy of the notice less than sixty (60) days prior to the date that is four (4) months from the date of first publication (or posting) as described in (1)(A); or

(2) Twelve (12) months from the decedent's date of death.

This _____ day of _____, 20___

(Signed) _____

Personal Representative

Attorney for the Estate _____
Clerk _____

Tenn. Code Ann. 30-2-306(b). Thus, where the personal representative complies with his duty under Section 30-2-306 to deliver copies of the requisite notice to known creditors, those creditors may only have four months from the date of first publication to file claims against the estate. *See* Tenn. Code Ann. § 30-2-307(a)(1) (Supp. 2014) ("All claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(b)").

Turning to the case at bar, the Administrator contends that his compliance with Section 30-2-306 shortened the period The Drug Store could file its claim up to four months from the date of first publication. Notice to Creditors was first published in *The Humboldt Chronicle* on October 17, 2012. Thus, if the Administrator's contention is correct, The Drug Store's claim against Ms. Whitten's estate was barred after February 17, 2013 and the lower court erred in allowing it. The issue before us then is whether the Administrator complied with Section 30-2-306.

In order to reduce the period during which a creditor may file claims against an estate, Section 30-2-306 requires that the creditor receive "actual notice" of the probate proceedings. Tenn. Code Ann. § 30-2-306(b); *see also Bowden v. Ward*, 27 S.W.3d 913, 918-19 (Tenn.

2000) (holding that because creditor did not receive "actual notice," he had twelve months from the decedent's death to file his claim). The Administrator contends that the November 12 letter served to provide The Drug Store with "actual notice" of the probate proceedings. In furtherance of his argument, the Administrator points out that the notice need not be given in the exact form provided by Section 30-2-306(b). He argues that because the November 12 letter clearly stated that the debtor had died and provided contact information for further inquiries, it was sufficient to provide "actual notice" under the statute. We must disagree.

In *Estate of Jenkins v. Guyton*, 912 S.W.2d 134 (Tenn. 1995), the Tennessee Supreme Court clarified the "actual notice" due to a creditor in a case very similar to this one. In that case, the executor of the decedent's estate sent a letter to the creditor, which stated in pertinent part: "this . . . is to advise you that Mr. Jenkins passed away at the end of September and his estate is currently being probated in Davidson County." *Id.* at 135. The executor took no further action to provide notice to the creditor. *Id.* When the creditor filed a claim against the estate months later, the executor filed an exception to the claim, alleging that it was not allowable because it was not filed within six months (now four months)[2] of the first publication of the Notice to Creditors. *Id.* The probate court held that the claim was allowable and the Tennessee Supreme Court affirmed, stating that:

> [W]hile the term "actual notice" in § 30–2–307(a)(1) may be something other than an exact copy of the published *Notice to Creditors* outlined in § 30–2–306(c), such notice must, at a minimum, include information regarding the commencement of probate proceedings and the time period within which claims must be filed with the probate court.

*Id.* at 138.

In the case at bar, it is clear that the November 12 letter falls far short of meeting the notice standards espoused in *Estate of Jenkins*. The letter does not include any information regarding the time or location of probate proceedings, nor does it provide the time period within which claims must be filed. In truth, the November 12 letter actually provides less information than the letter deemed insufficient by the Tennessee Supreme Court in *Estate of Jenkins*. Because the November 12 letter did not contain the requisite information regarding the probate proceedings, and because The Drug Store's claim was filed within one year of

---

[2]In 1998, Tennessee Code Annotated section 30-2-306 was amended to reduce the time constraint within which to file a claim to four months from the date of the first publication. *Bowden*, 27 S.W.3d at 917 n.4.

the decedent's death, we affirm the lower court's holding that the claim was timely filed.[3]

## IV. HOLDING

In light of the foregoing, the judgment of the Gibson County Chancery Court is affirmed. The costs of this appeal are taxed to the appellant, Loyd Clough, for which execution may issue if necessary.

_____
W. MICHAEL MALOAN, SP. JUDGE

---

[3]As noted previously, the Administrator did not object to the amount of the claim in the lower court. The issue is therefore waived on appeal. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (stating that issues not raised in the lower court are waived on appeal).