IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs April 21, 2009

IN THE MATTER OF: L.W., d/o/b 07/04/1991,
A Child Under Eighteen (18) Years of Age

Direct Appeal from the Circuit Court for Shelby County
No. CT-003949-08     Karen R. Williams, Judge

No. W2008-02804-COA-R3-JV - Filed June 8, 2009

The trial court sustained the petition to adjudicate dependency and neglect filed by the Department of Children's Services.  We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Andrew L. Wener, Memphis, Tennessee, for the Appellant, Dennis Martin.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General and Elizabeth C. Driver, Senior Counsel, for the Appellee, State of Tennessee, Department of Children's Services.

MEMORANDUM OPINION[1]

This appeal arises from dependency and neglect proceedings finding the minor child, L.W., born July 1991, dependent and neglected under Tennessee Code Annotated 37-1-102(b)(12).[2]  In

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Tennessee Code Annotated § 37-1-102(b)(12)(2005) defines a dependent and neglected child as:

(continued...)

April 2008, the Tennessee Department of Children's Services ("DCS") filed a petition in the Juvenile Court of Shelby County alleging the five children residing with Respondent/Appellant Dennis Martin (Mr. Martin) and Cora Martin (Ms. Martin) were dependent and neglected. The juvenile court adjudicated the children dependent and neglected, and Mr. Martin filed a notice of appeal to circuit court. Ms. Martin did not appeal.

In October 2008, the trial court dismissed four of the children after it was discovered that Mr. Martin is not their biological father. The case proceeded with respect only to L.W. The trial court held a *de novo* hearing on November 21, 2008, and sustained DCS's petition based on clear and convincing evidence of abuse. The trial court entered final judgment on December 11, 2008, and Mr. Martin filed a notice of appeal to this Court.

### *Issues Presented*

Mr. Martin presents the following issues for our review:

A.      Whether the admission of the testimony of Lawrence Allen was reversible error.

B.      Whether the admission of the testimony of Latasha Bell was reversible error.

C.      Whether the admission of testimony regarding Dennis Martin's relationship with Ms. Kathy Woods was reversible error.

---

[2](...continued)
"Dependent and neglected child" means a child:

    (A) Who is without a parent, guardian or legal custodian;

    (B) Whose parent, guardian or person with whom the child lives, by reason of cruelty, mental incapacity, immorality or depravity is unfit to properly care for such child;

    (C) Who is under unlawful or improper care, supervision, custody or restraint by any person, corporation, agency, association, institution, society or other organization or who is unlawfully kept out of school;

    (D) Whose parent, guardian or custodian neglects or refuses to provide necessary medical, surgical, institutional or hospital care for such child;

    (E) Who, because of lack of proper supervision, is found in any place the existence of which is in violation of law;

    (F) Who is in such condition of want or suffering or is under such improper guardianship or control as to injure or endanger the morals or health of such child or others;

    (G) Who is suffering from abuse or neglect;

    (H) Who has been in the care and control of an agency or person who is not related to such child by blood or marriage for a continuous period of eighteen (18) months or longer in the absence of a court order, and such person or agency has not initiated judicial proceedings seeking either legal custody or adoption of the child; or

    (I) Who is or has been allowed, encouraged or permitted to engage in prostitution or obscene or pornographic photographing, filming, posing, or similar activity and whose parent, guardian or other custodian neglects or refuses to protect such child from further such activity;

D.	Whether there is clear and convincing evidence in the [t]rial [c]ourt record that the child was dependent and neglected.

### Standard of Review

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### Analysis

The trial court found by clear and convincing evidence that L.W. was dependent and neglected within the definition provided at Tennessee Code Annotated § 37-1-102(b)(1)[3] and § 37-1-102(b)(12)(F) and (G) "because of the physical and sexual abuse inflicted by . . . Dennis Martin, who is the child's father." The court's order states that L.W.

> testified that she was forced to have sexual intercourse with her father or would be deprived of things such as clothes or other basic necessities and that the abuse took place in a van outside the home at times.
>
> [L.W.'s] mother, Cora Martin, also testified, stating that she did not see any or believe that inappropriate interactions between her daughter and Mr. Martin occurred. However, Mrs. Martin also admitted that she was not around one hundred percent of the time to supervise [L.W.]. Kathy Woods, a relative, also testified, stating that she did not see or believe that any inappropriate interactions occurred.
>
> . . . . It is contrary to the child's welfare to remain in the custody of the father at this time.
>
> It is therefore in the child's best interest that she remain in the custody of the Department of Children's Services.
>
> . . . . as there are no less drastic alternatives to foster care at this time.

---

[3]Tennessee Code Annotated § 37-1-102(b)(1) defines abuse as:

"Abuse" exists when a person under the age of eighteen (18) is suffering from, has sustained, or may be in immediate danger of suffering from or sustaining a wound, injury, disability or physical or mental condition caused by brutality, neglect or other actions or inactions of a parent, relative, guardian or caretaker[.]

The trial court's findings in this case were based solely on its determination that L.W.'s testimony that she had been physically and sexually abused by her father was credible. Because it is in the best position to assess witnesses, we afford the trial court considerable deference on matters of witness credibility. *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999). Therefore, we will not reverse the trial court's findings insofar as they are based on issues of witness credibility in the absence of clear and convincing evidence to the contrary. *Sullivan v. Sullivan*, 107 S.W.3d 507, 510 (Tenn. Ct. App. 2002). Assuming, *arguendo*, the trial court erred in admitting the testimony of Lawrence Allen and Latasha Bell, and testimony regarding Mr. Martin's relationship with Kathy Woods, this matter rests on a determination of witness credibility. Accordingly, any asserted error by the trial court regarding the admission of this evidence is harmless. The trial court determined L.W. was credible, and, implicitly, that Mr. Martin was not. We find no clear and convincing evidence to disturb this determination.

### *Holding*

In light of the foregoing, the judgment of the trial court sustaining the petition for dependency and neglect is affirmed. Costs of this appeal are taxed to the Appellant, Dennis Martin.

_____
DAVID R. FARMER, JUDGE