IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs July 31, 2009

# IN RE ADOPTION OF: J.B.H.

**Direct Appeal from the Chancery Court for Dyer County**
**No. 08A1     Tony A. Childress, Chancellor**

_____

**No. W2009-00228-COA-R3-PT - Filed August 11, 2009**

_____

Respondent/Appellant appeals the trial court's termination of her parental rights based on abandonment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., joined. J. Steven Stafford, J., not participating.

Vanedda Prince Webb, Dyersburg, Tennessee, for the Appellant.

Thomas E. Weakley, Dyersburg, Tennessee, for the Appellee.

## MEMORANDUM OPINION[1]

      This is a termination of parental rights and adoption case. On January 4, 2008, Petitioner/Appellee ("Petitioner") filed a petition for adoption in the Chancery Court for Dyer County. In her petition, she prayed for termination of the parental rights of the biological parents of JBH, born December 12, 1999, and for the court to permit her to adopt JBH. Petitioner alleged that she was JBH's great aunt, that she had physical custody of JBH, and that she been

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

      This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

awarded legal custody of JBH pursuant to an order entered by the trial court in November 2002.[2] She further asserted that JBH's biological parents joined in the petition for the purpose of giving their consent to the adoption pursuant to Tennessee Code Annotated § 36-1-117(f). Petitioner prayed in the alternative that, in the event the biological parents did not join the petition and consent to the adoption, that the court find it in JBH's best interest that the adoption be approved. She alleged that, since entry of the order granting her custody of JBH was entered in 2002, JBH's biological parents had neither visited nor supported JBH, and that it was in JBH's best interest that their parental rights be terminated.

Following a hearing on March 31, 2008, on April 7, 2008, the trial court entered a default judgment terminating the parental rights of JBH's biological father. The trial court found that JBH's biological mother ("Mother") intended to contest the petition and ordered a home study to be conducted pursuant to the statutory requirements. The trial court appointed a guardian ad litem on July 8, 2008, and continued the matter pending Mother's release from incarceration. The trial court appointed counsel for Mother on October 6.

On October 10, 2008, Mother answered the petition, denying grounds existed for the termination of her parental rights and that it was in JBH's best interest for her rights to be terminated. She further asserted that Petitioner had acted with "unclean hands" where she had prevented Mother from exercising visitation or maintaining contact with JBH. She prayed that the petition be dismissed.

Following a hearing on December 10, 2008, the trial court terminated Mother's parental rights based on abandonment for failure to visit for at least four months preceding the petition to terminate her parental rights.[3] In its January 9, 2009, order, the trial court found Mother's testimony that Petitioner and her husband had prevented her from exercising visitation with JBH to be unpersuasive. The trial court found Petitioner's testimony regarding Mother's allegations to be "very persuasive." The trial court found by clear and convincing evidence that Mother had willfully failed to visit JBH for the four months preceding the filing of the January 8, 2008, petition, and further found that she "did not visit with the child for years at a time." The trial court also found, by clear and convincing evidence, that termination of Mother's parental rights was in JBH's best interest. The trial court accordingly terminated Mother's parental rights and granted the petition for adoption. The trial court entered a final order of adoption on January 23, 2009. Mother filed a timely notice of appeal to this Court.

---

[2] It is undisputed that Petitioner had physical custody of JBH since he was six months of age.

[3] The trial court found that, although Mother had not supported JBH financially, her failure to support was not willful where the November 2002 order granting custody to Petitioner stated "no child support is ordered."

### Issue Presented

Mother has failed to include a statement of the issues raised for review in her brief to this Court. Mother argues, however, that the trial court erred by finding that her failure to visit JBH was willful.

### Standard of Review

We review the trial court's findings of fact *de novo* upon the record with a presumption of correctness. Tenn. R. App. P. 13(d). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). To preponderate against a trial court's finding of fact, the evidence must support another finding of fact with greater convincing evidence. *Mosley v. McCanless*, 207 S.W.3d 247, 251 (Tenn. Ct. App. 2006). If the trial court's factual determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). We review the trial court's determinations on questions of law and its application of law to the facts *de novo*, however, with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### Discussion

The only question presented by this case is whether Mother's failure to visit JBH for at least four months prior to the date Petitioner filed her petition for adoption in the chancery court was willful. Upon review of the record and the order entered in this matter, it is clear to this Court that the trial court's determination was based on its assessment of witness credibility where it found Mother to be unpersuasive and Petitioner to be "very persuasive." Further, the trial court's order reflects that it considered the credibility of all the witnesses in this case. The trial court stated, "[a]lthough the [c]ourt has made a decision to specifically list some of the testimony and other evidence in this portion of this order, the [c]ourt did consider all applicable evidence in reaching the findings of fact and conclusions of law contained in this portion of the order." Thus, the trial court assessed the entirety of the testimony offered and found Petitioner's testimony to be credible. There is no clear and convincing evidence in this record to contradict the trial court's assessment. Mother does not assert in her brief to this Court that termination of her parental rights is not in JBH's best interest, and there is no evidence in this record that would preponderate against the trial court's findings on this issue. We accordingly affirm the trial court's judgment.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant.

_____
DAVID R. FARMER, JUDGE