# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 27, 2010 Session

## DICKSON HOUSING AUTHORITY v. IDA PEARL GRIMES, ET AL.

**Direct Appeal from the Circuit Court for Dickson County**
**No. 22CC-2008-CV-33     Larry Wallace, Judge**

---

**No. M2009-02039-COA-R3-CV - Filed July 9, 2010**

---

The circuit court entered judgment in favor of Plaintiff Dickson Housing Authority in this eviction action. Finding the trial court admitted no evidence which would support the Housing Authority's allegations of amounts earned by Defendant tenant, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

David Kozlowski, Columbia, Tennessee, for the appellants, Ida Pearl Grimes and Billy Grimes.

Joseph M. Barrett and Steven J. Herbert, Dickson, Tennessee, for the appellee, Dickson Housing Authority.

## MEMORANDUM OPINION[1]

Defendants/Appellants Ida Pearl Grimes (Ms. Grimes) and her son, Billy Grimes (Mr. Grimes, collectively, "the Grimes") have lived in an apartment complex owned by the Dickson

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Housing Authority ("the DHA") since 1972. The amount of their rent is based on their household income. On August 13, 2001, the Grimes entered a lease with the DHA for an apartment located on E. Walnut Street. The lease recited a monthly rent in the amount of $275, and section 5 of the lease provided for the recertification of income on an annual basis. In November 2003, the lease was revised to provide that any increases in income or assets between the annual recertification periods must be reported within ten days of the change.

In September 2007, the Grimes' rent was decreased from $253 per month to $165 per month based on a decrease in the household income reported by the Grimes. After correspondence between the DHA and the Grimes wherein the DHA asserted that the Grimes had misrepresented their income for the period from August 10, 2007 through December 2007, and were liable for rental amounts that had been underpaid for that period, in February 2008, the DHA filed a detainer action in the General Sessions Court for Dickson County. The general sessions court entered judgment in favor of the DHA on March 4, 2008, and the Grimes filed a timely notice of appeal to the Circuit Court for Dickson County. Following a hearing on February 25, 2009, the circuit court entered final judgment in favor of the DHA on May 12, 2009. The Grimes filed a motion to alter or amend the judgment, and a motion to stay the judgment. The trial court denied the motions by order entered September 11, 2009. The Grimes filed a timely notice of appeal to this Court. They also filed a motion to stay the judgment of the trial court, which we granted on condition that the Grimes continue to pay rent as due. Oral argument was heard by the Western Section of this Court sitting in Nashville in May 2010.

### Issues Presented

The Grimes present the following issue for our review, as we reword it:

(1)  Whether the trial court erred where:

> (a)  the Authority failed to provided the Grimes with proper notice of the rent increase and other fees, and with proper notice of termination;
>
> (b)  the Authority waived by accepting payment after the notice of termination and detainer summons;
>
> (c)  the record does not support the conclusion that the Grimes violated the terms of the lease.

### Standard of Review

We review the trial court's findings of fact *de novo* upon the record with a presumption of correctness. Tenn. R. App. P. 13(d). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn.

2000). To preponderate against a trial court's finding of fact, the evidence must support another finding of fact with greater convincing evidence. *Mosley v. McCanless*, 207 S.W.3d 247, 251 (Tenn. Ct. App. 2006). We review the trial court's determinations on questions of law, and its application of law to the facts, *de novo*, however, with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Similarly, we review mixed questions of law and fact *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

### *Discussion*

We begin our discussion by noting that there is no dispute in this lawsuit regarding whether the Grimes paid their assessed rent in a timely fashion since 1972. Rather, as the trial court noted, this dispute concerns whether the Grimes failed to report their full income for the purpose of calculating their income-based rent due for the period of September 1 to December 5, 2007, and, if so, whether the Grimes failed to pay assessed under-payments in the amount that the DHA asserts was due for this period. It accordingly requires, as an initial matter, a determination of whether Mr. Grimes failed to report his income in the amount alleged by the DHA. The DHA asserts the Grimes failed to report amounts earned by Mr. Grimes from his employment at Burger King in the amount of $1274.49, and that this failure resulted in an under assessment of rent in the amount of $382.00. As proof of its allegations, the DHA introduced exhibits marked as trial exhibits 2, 5, and 6. The trial court excluded these exhibits as hearsay. The DHA offered no other proof of Mr. Grimes' income. Thus, there is simply no evidence in the record to support the DHA's assertions that the Grimes failed to report Mr. Grimes' income in the amount asserted. The DHA simply failed to carry its burden to prove the facts alleged with respect to Mr. Grimes' earnings.

### *Holding*

In light of the foregoing, there is no proof in the record to support the trial court's judgment in favor of the DHA. Accordingly, the judgment is reversed. Costs of this appeal are taxed to the appellee, the Dickson Housing Authority.

_____
DAVID R. FARMER, JUDGE