

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 23, 2017 Session

## JAMES SWANGER v. CARRIE LOWERY

**Appeal from the Circuit Court for Davidson County**
**No. 15X620   Phillip R. Robinson, Judge**

_____

### No. M2016-00600-COA-R3-CV

_____

In this appeal of the extension of an order of protection for five years, the appellant contends that the appellee did not prove an allegation of domestic abuse, stalking, or sexual assault by a preponderance of the evidence. Upon our review, we conclude that the evidence supports the finding that the initial order of protection was violated and that the court had the authority to extend the order; accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Carrie A. Lowery, Nashville, Tennessee, Pro Se.

Chelsea Nicholson, Nashville, Tennessee, for the appellee, James Swanger.

### MEMORANDUM OPINION[1]

This appeal stems from the grant of a five year extension to an order of protection. James Swanger and Carrie Lowery began a dating relationship in July 2011. On December 1, 2014, Mr. Swanger filed a petition in Davidson County General Sessions Court for an order of protection, naming Ms. Lowery as the respondent; a temporary

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

order of protection was entered against Ms. Lowery the same day. On December 17, 2014, a hearing was held, and the court issued the order of protection, which was to extend for one year. The order also required Ms. Lowery to have no contact with Mr. Swanger, to stay away from him, to not cause intentional damage to his property, and to not hurt or threaten to hurt any animals owned or kept by him.

In May 2015, Ms. Lowery filed a petition to modify the order of protection, seeking to have it set aside. Mr. Swanger responded, and the petition was heard and denied. Ms. Lowery appealed to the Circuit Court. Mr. Swanger filed a motion to dismiss Ms. Lowery's petition to modify, on the basis that no change in circumstances had occurred. On September 21, a hearing was held on Ms. Lowery's petition to modify the order of protection; on October 9, the court entered an order denying the petition, holding that "the Respondent agreed to this Order of Protection[, and . . .] has since violated this Order of Protection, and that she is under the restrictions of the Order of Protection."

On December 14, 2015, Mr. Swanger filed a motion to extend the order of protection for five years; Mr. Swanger inserted the following language on the motion form as the reason for the extension request: "[t]his was not the first order against [Ms. Lowery] and both were violated."[2] A hearing was held on Mr. Swanger's motion on January 15, 2016, at which he and Ms. Lowery testified. Mr. Swanger testified that he felt the order of protection should be extended to keep Ms. Lowery from trying to contact him and from coming to or driving past his home because he was "worried about her coming around me." Ms. Lowery stipulated to the fact that she violated the Order of Protection by sending Mr. Swanger an "inadvertent" text message in February 2015 and testified that she has gone to a neighborhood bar frequented by Mr. Swanger. The court ruled at the end of the hearing, and its ruling was memorialized in an order entered on February 19:

> The parties stipulated that during the past year, while this Order of Protection has been [in] effect, the Respondent, Carrie Lowery, has been convicted of violating this Order of Protection. There has been a prior Order of Protection within this matter. Both parties testified that at some point during the prior Order of Protection, the parties engaged in sexual activities, thereafter, there was a second Order of Protection. Ms. Lowery violated this Order of Protection, which she admitted.
> The Court found that Ms. Lowery continues to frequent an establishment that Ms. Swanger frequents, and this is a pattern.

---

[2] In several of the pleadings, in Mr. Swanger's deposition testimony, and in the order being appealed, the parties reference an order of protection that was granted to Mr. Swanger against Ms. Lowery prior to the *ex parte* order issued December 1, 2014. The prior order is not in the record and is not at issue in this appeal.

The Court found based on all of the above that that the Motion was well taken and ruled to extend this Order of Protection for a period of five (5) years.

Ms. Lowery appeals, contending that the testimony at the hearing "does not prove an allegation of ongoing domestic abuse, sexual abuse, stalking — or even harassment — by a preponderance of the evidence sufficient to sustain a five-year extension of the Order of Protection."

We review a trial court's findings of fact *de novo* and presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000). We review issues of law *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

Tennessee Code Annotated section 36-3-605 sets forth the procedure by which a victim of domestic abuse, stalking, or sexual assault may obtain an order of protection. Mr. Swanger sought and obtained a temporary *ex parte* order of protection, authorized under section 36-3-605(a), on December 1, 2014. A hearing was held on December 17, at which time the court entered the order of protection, which was in effect when Mr. Swanger filed his motion to extend it for five years; thus section 36-3-605(d), which reads as follows, controls:

> Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. If a respondent is properly served and afforded the opportunity for a hearing pursuant to § 36-3-612, and *is found to be in violation of the order*, the court may extend the order of protection up to five (5) years.

(Emphasis added.)

Ms. Lowery's analysis conflates the requirements to extend an *ex parte* order, *see* Tenn. Code Ann. § 36-3-605(b), with the requirements to modify an existing order of protection due to a respondent's violation of the order, *see id.* at § 36-3-605(d); the latter is type of modification Mr. Swanger sought. There is no dispute that the order of protection was violated; indeed, Ms. Lowery stipulated that she violated the order. The court had the authority to extend the order of protection for five years, and the record shows that the parties have had an on-and-off relationship in the past which has resulted in confusion and conflict. We have not been cited to any evidence from which to conclude that the proof did not support the five-year extension of the order of protection. Accordingly, we affirm the judgment of the trial court extending the order of protection by five years.

3

Ms. Lowery also raises the issue of whether she should receive an award of costs pursuant to Tennessee Code Annotated section 36-3-617(a)(2). In light of our disposition of this case, an award of costs to her is not available.

Mr. Swanger seeks his attorney's fees on appeal, asserting that the appeal is frivolous. On the record presented, we decline to hold that this appeal is frivolous and decline to award fees to him.

 

 

_____
RICHARD H. DINKINS, JUDGE