Shirley Dianne **BOWDEN**, Executrix
of the Estate of Jones Elmer
Bowden, deceased

v.

**Larry E. WARD.**

Supreme Court of Tennessee,
at Jackson.

Oct. 2, 2000.

John J. Mulrooney, Memphis, for appellant, Shirley Dianne Bowden.

Kathleen N. Gomes, Memphis, for appellee, Larry E. Ward.

## OPINION

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., HOLDER and BARKER, JJ., joined.

The appellant, Shirley Dianne Bowden, executrix of the estate of Jones Elmer Bowden, challenges a claim against the estate filed by the appellee, Larry E. Ward, an individual creditor. Ward received a copy of the published notice which erroneously stated that he had only six months from the date of the first publication of the Notice to Creditors in which to file a claim. He received this notice after the six-month time period had expired. Ward claimed that such notice did not constitute "actual notice," and therefore, his subsequent claim had been timely filed. The trial court found that Ward had received "actual notice" and that his claim had not been timely filed. The Court of Appeals reversed. We are asked to determine whether Ward's claim was timely filed. We hold that because Ward did not receive "actual notice," his claim was timely filed pursuant to Tenn. Code Ann. § 30–2–307. Accordingly, the judgment of the Court of Appeals reversing the judgment of the trial court is affirmed.

### I. Facts and Procedural History

The facts underlying Ward's claim are not in dispute. On January 20, 1989, Ward sold a business and an airplane to the decedent. In accordance with their agreement of sale, the decedent made regular payments to Ward until March 1991, when payments ceased. Because of their friendship, Ward agreed to forgo further repayment until the decedent's financial condition improved. Although they discussed the loan generally, no payments or agreements were made between March 1991 and the decedent's death on March 27, 1996.

On April 9, 1996, the decedent's daughter, Shirley Dianne Bowden, qualified as the executrix. Pursuant to Tenn.Code Ann. § 30–2–306(a) (Supp.1989), the pro-

bate court clerk published a Notice to Creditors on April 12 and 19, 1996. The executrix identified seven creditors in the decedent's records and sent them "actual notice" of the probate proceedings, pursuant to Tenn.Code Ann. § 30–2–306(e) (Supp.1989). The executrix found no record of the debt to Ward; consequently, she did not send him personal notification of the probate proceedings.

Later, having recognized Ward's name in the decedent's address file, the executrix attempted to telephone him on October 28, 1996, to obtain information regarding an unrelated matter. Ward was out of the country; however, the executrix spoke with Ward's daughter. In this conversation, Ward's daughter told the executrix about the debt owed to Ward. The executrix searched for evidence of the debt, but the search was not productive.

In November, having returned to the United States, Ward learned of the decedent's death from his daughter. On November 20, 1996, assuming that an estate had been opened, Ward wrote the Bowden family to express condolences, to identify himself as a creditor, and to explain the status of the loan. In response, on December 2, 1996, the attorney for the estate wrote Ward and asserted, "Even if you were a creditor of Mr. Bowden, which is denied, your claim would be barred because you did not file such claim with the Probate Court as required by law within six (6) months after the first publication of the notice to creditors." The attorney enclosed in the letter a copy of the published Notice to Creditors setting forth the initial six-month time limit for filing claims. Because Ward had not been given notice of the probate proceedings within four months of the date of first publication, by

statute the correct time limitation for his claim was either sixty days from the receipt of a "notice" or, if no notice was received, twelve months from the decedent's date of death. Thus, the attorney's calculation of the time limit was erroneous.

On December 6, 1996, having received the letter from the attorney, Ward contacted another attorney, who advised him that he had twelve months from the decedent's death to file a claim but that he should file the claim immediately.[1] On December 30, 1996, Ward wrote to the attorney for the estate and enclosed copies of the documents pertaining to the sale of the airplane. Ward also wrote that he had been advised by an attorney that he had up to one year to make the claim on the estate because he had not been notified of the decedent's death. He stated also that he would file the claim immediately.

Ward received no response to the letter. In January 1997, he contacted the probate clerk of Shelby County and requested a form for filing a claim against the estate. Despite the clerk's assurances, the form was not received. After waiting almost three weeks, Ward's daughter drove to Memphis, picked up the form, took it to her father, and returned to Memphis to file the form. On February 11, 1997, Ward filed his claim against the estate in the amount of $64,668.55.

The trial court found that Ward had become a known creditor of the decedent on November 20, 1996, and was therefore entitled to receive actual notice.[2] It found that Ward received actual notice on December 6, 1996, the date on which he received the letter containing a copy of the original Notice to Creditors. The trial court concluded that the claim came within

1. We deem this outside legal representation irrelevant to the issues of notice raised in this appeal. In *Estate of Jenkins v. Guyton,* 912 S.W.2d 134, 137 (Tenn.1995), we established that there is not a "different standard of 'actual notice' for those well-versed in probate law, such as attorneys, and those not so well informed."

2. The proof shows that the executrix searched the decedent's records and found no evidence of the debt to Ward. Therefore, prior to the November 20, 1996, letter from Ward to the Bowden family, Ward would not be considered a known or reasonably ascertainable creditor under Tenn.Code Ann. § 30–2–306(e) (Supp.1989).

the "60 days from receipt of actual notice" statutory time constraint for filing a claim. This would extend the final date for filing a claim to February 6, 1997. Because the claim had been filed five days later, on February 11, 1997, the trial court found that the claim had not been filed within the time allowed by law.

The Court of Appeals reversed the judgment of the trial court. It concluded that the copy of the Notice to Creditors Ward received did not constitute actual notice under the statute because it "contained a time period that had since expired and failed to contain, at a minimum, the applicable time period in which he had to file his claim." It concluded that Ward's claim would fall under the "twelve months from the date of the decedent's death" statutory time constraint. Under this analysis, Ward's claim had been timely filed.

The executrix appeals, contending that the claim was not timely filed. To resolve this issue, we must determine whether Ward received "actual notice."

## II. Standard of Review

■■■ This case was tried in the probate court without a jury. Accordingly, the standard of review is de novo upon the record with a presumption of correctness as to the findings of fact, unless the preponderance of the evidence is otherwise. Tenn.R.App.P. 13(d); *Cross v. City of Memphis*, 20 S.W.3d 642, 644–45 (Tenn. 2000). To the extent that the determination of the issues rests on statutory construction, they present questions of law. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn.1998). Questions of law are reviewed de novo with no presumption of correctness. *Id.*

## III. Analysis

The ultimate question for our review is whether Ward's claim against the decedent's estate was timely filed. To decide this issue, we must first determine whether Ward was given "actual notice."

The statute sets out only one specific Notice to Creditors which must be published within thirty days after the issuance of letters testamentary or of administration in a county newspaper "or, if no newspaper is published ... by written notices posted in three (3) public places in the county...." Tenn.Code Ann. § 30–2–306(a) (Supp.1989). This notice informs creditors that letters testamentary or of administration have been issued, that the referenced court has jurisdiction over the matter, and that creditors must file any claims within six months from the date of the first publication. Subsection (e) of Tenn.Code Ann. § 30–2–306 provides that it is this notice which must be sent to known creditors.

> [I]t shall be the duty of the personal representative to mail or deliver by other means a copy of the published or posted notice as described in subsection (c) to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative....

Tenn.Code Ann. § 30–2–306(e) (Supp. 1989). A creditor's receipt of this copy of the Notice to Creditors is generally deemed "actual notice."[3]

---

**3.** The origin of this statutory requirement for "actual notice" to creditors whose names and addresses are "reasonably ascertainable" is the United States Supreme Court case of *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *see also Estate of Jenkins v. Guyton*, 912 S.W.2d 134, 136 (Tenn.1995). In *Pope*, the United States Supreme Court found that if a creditor's identity is known or reasonably ascertainable then termination of

that creditor's claim without "actual notice" violates due process:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Pope*, 485 U.S. at 484, 108 S.Ct. at 1344 (quoting *Mullane v. Central Hanover Bank &*

■ This "notice," however, is limited to information concerning the initial six-month time constraint. *See* Tenn.Code Ann. § 30–2–306(e) (Supp.1989). No time limit is placed on the giving of this "notice," but it is clearly directed at those creditors notified in the first four months of the proceedings because they are the only creditors who must file "within six months." Sending this notice to other creditors is misleading because, as discussed below, they either have an additional sixty days from receipt of the notice, or up to twelve months from the date of death, to file a claim. The question becomes, will a misleading notice mailed to a creditor, though in literal compliance with the statutory requirements, suffice as "actual notice" for purposes of triggering the sixty-day time limit of Tenn.Code Ann. § 30–2–307(a)(1)(A) (Supp.1989)?

In *Estate of Jenkins v. Guyton*, 912 S.W.2d 134 (Tenn.1995), this Court relied on *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), the Due Process Clause of the Fourteenth Amendment, and our statutes in reviewing the "actual notice" due a creditor before barring the filing of a claim. We concluded that a letter advising a creditor of the death of a decedent and the probate of the estate in Davidson County did not constitute sufficient "actual notice." We held that

> while the term "actual notice" in § 30–2–307(a)(1) may be something other than an exact copy of the published Notice to Creditors outlined in § 30–2–306(c), such notice must, at a minimum, include information regarding the commencement of probate proceedings *and the time period within which claims must be filed with the probate court.*

*Estate of Jenkins*, 912 S.W.2d at 138 (emphasis added). We specifically rejected the proposition that "anything" alerting a

reasonably prudent person, such as information concerning the death of the debtor, suffices as notice. *Id.* at 137.

■ The reasoning in *Estate of Jenkins v. Guyton* leads to a conclusion that a "notice" which gives erroneous information of the time period within which claims must be filed is no more acceptable than a "notice" with no information of the time period. Where it is reasonable to conclude that known creditors may have more than six months (now four months)[4] from the date of the first publication within which to file claims, accurate information about the time period for filing claims must be conveyed in the notice. This can best be achieved by delivering not only a copy of the published or posted Notice to Creditors, but also a copy of Tenn .Code Ann. § 30–2–307 (which sets out the various time limits) and a statement of the date of the decedent's death.

■ In the instant case, the executrix contends that the notice given to Ward constituted "actual notice." The facts show that at least by December 6, 1996, Ward had received a copy of the published notice, which did have information concerning the commencement of the administration of the estate. However, the information given concerning the time period within which his claims must be filed with the probate court was inaccurate. It follows that the notice, though literally compliant with the statute, could not satisfy this Court's pronouncement in *Estate of Jenkins v. Guyton* that a known creditor is entitled to a notice which "includes information regarding ... the time period within which claims must be filed with the probate court." 912 S.W.2d at 138. Therefore, the notice Ward received cannot constitute "actual notice."

*Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

4. Effective January 1, 1998, Tenn.Code Ann. § 30–2–306(c) was amended. The initial time

constraint within which to file a claim is now four months from the date of the first publication. 1997 Tenn. Pub. Acts ch. 426, § 26.

 Based on our determination that Ward did not receive "actual notice," we now address the issue whether Ward's claim was timely filed pursuant to Tenn. Code Ann. § 30–2–307. Statutory enactments barring claims which are filed against an estate beyond a certain time period frequently are referred to as "nonclaim" statutes. The purpose served by such nonclaim statutes is the promotion of an "orderly, expeditious, and exact settlement of estates of decedents ." *Alamo Dev. Corp. v. Thomas,* 186 Tenn. 631, 212 S.W.2d 606, 607 (1948); *see also Wilson v. Hafley,* 189 Tenn. 598, 226 S.W.2d 308, 311 (1949) ("[C]laims should be set out in written form as an informal statement of the cause of action ... to afford a simple, inexpensive, and expeditious remedy for administration of decedent estates. [The statute] should be liberally construed to advance the remedy and dispense with formal pleadings.").

The applicable nonclaim statute in this case is Tenn.Code Ann. § 30–2–307 (Supp. 1989):

(a)(1) All claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30–2–306(c). However:

(A) If a creditor receives actual notice less than sixty (60) days before the expiration of the period prescribed in § 30–2–306(c) or after the expiration of the period prescribed in § 30–2–306(c) and more than sixty (60) days before the date which is twelve (12) months from the decedent's date of death, such creditor's claim shall be barred unless filed

within sixty (60) days from the date of receipt of actual notice; or

(B) If a creditor receives actual notice less than sixty (60) days before the date which is twelve (12) months from the decedent's date of death or receives no notice, such creditor's claim shall be barred unless filed within twelve (12) months from the decedent's date of death.

At the time of the decedent's death, the period prescribed in Tenn .Code Ann. § 30–2–306(c) was six months from the date of the first publication of the Notice to Creditors. Tenn.Code Ann. § 30–2–306(c) (Supp.1989). Accordingly, in this case, claims were barred if not filed within six months of April 12, 1996,[5] the date of the first publication. However, there are exceptions to the six-month rule. Under Tenn.Code Ann. § 30–2–307(a)(1)(A), if a creditor receives "actual notice" less than sixty days before the end of that six months (in other words, more than four months from the first publication), or after that six months has passed, the creditor is given an additional sixty days from the date of receiving the "actual notice." Additionally, under subsection (B), if the creditor receives notice less than sixty days before the twelve-month anniversary date of the decedent's death, or receives no notice, the creditor is allowed up to twelve months from the date of death to file a claim.[6] If the creditor does not file within these nonclaim time limitations, the claim is "forever barred." Tenn.Code Ann. § 30–2–310 (Supp.1989).[7]

Based on our conclusion that Ward did not receive "actual notice," we hold that pursuant to Tenn.Code Ann. § 30–2–307(a)(1)(B), Ward had until March 27,

---

**5.** Six months from April 12, 1996, would be October 12, 1996.

**6.** Twelve months from the date of death would be March 27, 1997.

**7.** Tenn.Code Ann. § 30–2–310 was recently amended to provide that "all claims and demands not filed by the State of Tennessee

with the probate court clerk, as required by the provisions of §§ 30–2–306—30–2–309, or, if later, in which suit shall not have been brought or revived before the end of twelve (12) months from the date of death of the decedent, shall be forever barred." 2000 Tenn.Pub.Acts 970. This amendment does not affect our holding in this case.

1997, twelve months from the decedent's death, to file his claim. Because his claim was filed on February 11, 1997, it was timely.

### IV. Conclusion

Ward did not receive "actual notice" under Tenn.Code Ann. § 30–2–307(a)(1)(B) (Supp.1989); therefore, he had until March 27, 1997, twelve months from the decedent's death, to file his claim. Because his claim was filed on February 11, 1997, it was timely. Accordingly, the judgment of the Court of Appeals reversing the probate court is affirmed. The case is remanded to the Probate Court for Shelby County for further proceedings. Costs of appeal are taxed to the appellant, Shirley Dianne Bowden, executrix of the estate of Jones Elmer Bowden.

DROWOTA, J., not participating.