# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs February 23, 2011

## IN RE: DAMON G. and ROSA G.

### Direct Appeal from the Chancery Court for Dyer County
### No. 08A3     Tony A. Childress, Chancellor

---

### No. W2010-02164-COA-R3-PT - Filed March 10, 2011

---

The trial court terminated the parental rights of Mother and Father on the grounds of abandonment and persistence of conditions, and upon finding that termination was in the best interests of the children. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Vanedda Prince Webb, Dyersburg, Tennessee, for the appellant, Beverly G.

Matthew W. Willis, Dyersburg, Tennessee, for the appellant, Damon G.

Lanis L. Karnes, Jackson, Tennessee, for the appellees, Nathan Runions and Lisa Runions.

### MEMORANDUM OPINION[1]

In March 2008, Petitioners Nathan Runions and Lisa D. Runions ("the Runions") filed a petition for termination of parental rights and adoption in the Chancery Court for Dyer County. In their petition, the Runions asserted that they had maintained physical custody of Damon G., born July 2005, and Rosa G., born June 2004, since May 2006, when the children were placed in their care

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

by the Department of Children's Services ("DCS").[2] The Runions asserted abandonment for failure to support, persistence of conditions, and failure to comply with the parenting plan as grounds for termination of Mother and Father's parental rights, and asserted that termination was in the children's best interests.

The trial court appointed a guardian ad litem, determined Mother and Father were indigent, and appointed counsel for Mother and Father. The trial court heard the matter in June 2010, and entered orders terminating Mother's and Father's parental rights and granting the Runions' petition for adoption. In its order terminating Mother's and Father's parental rights, the trial court found that Mother and Father had abandoned the children by willfully failing to support them, and also found that Mother and Father had visited with the children for fewer than 60 total hours since the children were removed from their custody in May 2006. The trial court also found that the conditions leading to the children's removal from Mother's and Father's care persisted and was unlikely to be remedied at an early date. The trial court found, however, that although Mother and Father had failed to comply with the parenting plan, the Runions had not established by clear and convincing evidence that DCS had made reasonable efforts to assist them to comply with all of the requirements. Thus, the trial court declined to terminate parental rights based on substantial non-compliance. The trial court further found that termination of Mother's and Father's parental rights was in the best interests of the children, and that the Runions were the proper people to adopt the children. The trial court entered final judgment terminating Mother and Father's parental rights on August 9, 2010, and a final order of adoption on August 27, 2010. Father and Mother filed notices of appeal to this Court on September 3, 2010, and September 8, 2010, respectively.

### Issues Presented

Mother and Father present the following issues, as we slightly re-word them, for our review:

(1)     Whether the trial court erred by finding grounds existed for terminating parental rights on the grounds of abandonment for failure to support.

(2)     Whether the trial court erred by terminating parental rights based on persistence of conditions.

(3)     Whether the trial court erred by finding that termination of parental rights was in the best interests of the children.

### Standard of Review

We review the decisions of a trial court sitting without a jury *de novo* upon the record, with a presumption of correctness as to the trial court's findings of fact, unless the evidence preponderates otherwise. *In Re: Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002); Tenn. R. App. P. 13(d). No

---

[2]Lisa D. Runions is the paternal aunt of the children; Nathan Runions is her husband.

presumption of correctness attaches, however, to a trial court's conclusions on issues of law. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d).

Tennessee Code Annotated section 36-1-113 governs the termination of parental rights. The Code provides, in pertinent part:

> (c) Termination of parental or guardianship rights must be based upon:
> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Tenn. Code Ann. § 36-1-113(c)(2010). Thus, every termination case requires the court to determine whether the parent whose rights are at issue has chosen a course of action, or inaction, as the case may be, that constitutes one of the statutory grounds for termination. A parent may not be deprived of their fundamental right to the custody and control of their child unless clear and convincing evidence supports a finding that a statutory ground for termination exists and that termination is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c)(2010). Although the "clear and convincing evidence" standard is more exacting than the "preponderance of the evidence" standard, it does not require the certainty demanded by the "beyond a reasonable doubt" standard. *In Re: M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). Clear and convincing evidence is evidence that eliminates any substantial doubt and that produces in the fact-finder's mind a firm conviction as to the truth. *Id*. Insofar as the trial court's determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Id*.

The heightened burden of proof in parental termination cases requires us to distinguish between the trial court's findings with respect to specific facts and the "combined weight of these facts." *In Re: Michael C. M.*, No. W2010-01511-COA-R3-PT, 2010 WL 4366070, at *2 (Tenn. Ct. App. Nov. 5, 2010)(quoting *In Re: M.J.B.*, 140 S.W.3d 643, 654 n. 35 (Tenn. Ct. App. 2004)). Although we presume the trial court's specific findings of fact to be correct if they are supported by a preponderance of the evidence, "we are the ones who must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion." *Id.*

### *Abandonment*

We first turn to whether clear and convincing evidence supports termination of Mother's and Father's parental rights based on abandonment for failure to support under Tennessee Code Annotated section 36-1-113(g)(1). Abandonment as defined by section 36-1-102 of the Code includes the willful failure to visit or support the child for a period of four consecutive months immediately preceding the filing of a petition to terminate parental rights. Section 36-1-102 (1)(G) provides that "it shall not be required that a parent be shown to have evinced a settled purpose to

forego all parental rights and responsibilities in order for a determination of abandonment to be made." Further, every parent 18 years or older is presumed to know of their legal obligation to support their child. Tenn. Code Ann. § 36-1-102(1)(H)(2010).

We begin our discussion of this issue by noting that the trial court found that Father abandoned the children by failing to provide any support for the months of November and December 2008, and January and February 2009. As Father observes in his brief, the Runions filed their petition in March 2008. Accordingly, November and December 2007, and January and February 2008 are the months relevant to the issue of abandonment in this case. However, the trial court further stated that the only support provided by Mother and Father from June 2006 until August 2008 was one bag of diapers and a stimulus check in the amount of $726.00 that was intercepted by child support services in 2007. This time-frame clearly incorporates the four months preceding the filing of the petition. In its lengthy findings, the trial court found that, although Mother and Father could not have provided a "substantial amount of financial support" where both worked only sporadically and, for the most part, on a part-time basis, they "could have provided at least some support."

In their briefs to this Court, neither Mother nor Father assert that they provided more support to the children than found by the trial court. Rather, Mother and Father assert that their failure to support was not willful. They assert that they simply lacked the financial resources to provide financial support for the children.

We are not unsympathetic to the difficult financial situation faced by Mother and Father in this case. However, the record supports the trial court's conclusion that neither Mother nor Father paid any amount in support of these children even when they had at least some ability to do so. Father testified that he worked between 15 and 30 hours per week at a rate of $8.00 to $10.00 per hour as a painter, and that he had held factory jobs and construction jobs. Mother testified that she had worked at Avellino Factories, Royston's and McDonald's earing approximately $7.25 per hour, but that "every place [she] every tried working at told [her she] was too slow for the job and they fired [her]." She further testified that her application for disability benefits had been denied twice, but that she was again attempting to obtain benefits.

Upon review of the record, we affirm the trial court's determination that Mother and Father willfully failed to financially support these children. As noted, Mother and Father have had very limited income. However, since the children were removed from their care, they have made no attempt to provide for their financial support.

We next turn to whether the trial court erred in terminating parental rights based on the persistence of conditions. Tennessee Code Annotated § 36-1-113(g)(3) provides a ground for termination if:

> The child has been removed from the home of the parent or guardian by order of a
> court for a period of six (6) months and:
> > (A) The conditions that led to the child's removal or other

conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) or guardian(s), still persist;

(B) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) or guardian(s) in the near future; and

(C) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home[.]

Tenn. Code Ann. § 36-1-113(g)(3)(A)-(C) (2010).

The trial court made detailed findings with respect to the persistence of conditions leading to the removal of the children from their parents' custody in this case. The trial court found that Mother and Father had moved three times between December 2005 and the removal of the children in July 2006, and that they had moved 8 times between May 2006 and the hearing of this matter. The trial court found that, at the time of the hearing, Mother and Father lived in a three-bedroom mobile home and were receiving food stamps, and that although Father was incarcerated when the children were removed, he was no longer incarcerated. The trial court found by clear and convincing evidence, however, that "the most severe conditions that led to the children's removal for neglect still persist." Specifically, Mother and Father remained unable to support the children financially or to provide a stable home.

Upon review of the record, we affirm the trial court. It is undisputed that the children at issue in this case are the eldest of five children, that Mother and Father have had three children since the elder two were removed from their care, and that the three younger children have also been removed from their parents' custody. Father testified that, after paying rent in the amount of $300 per month, he had no money left to provide support for the children. Further, the trial court found Mother's testimony regarding whether she continued to use illegal drugs to be not credible, and Mother testified that the reason she lost custody of one of the younger children was because she had left Father. In light of the entirety of the record, we agree with the trial court that Mother and Father remain unable to provide a safe, secure environment for these children.

Finally, clear and convincing evidence establishes that termination of Mother's and Father's parental rights is in the best interests of the children. It is undisputed that the children have been in the Runions' care since May 2006, that they have had a safe, stable home, and that they have bonded with the Runions' children. It is also undisputed that the Runions petitioned to adopt the children, and that the trial court found them to be suitable parents. In light of the entirety of the record, we affirm the trial court's holding that termination of Mother's and Father's parental rights are in the best interests of the children.

*Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellants.

_____
DAVID R. FARMER, JUDGE