IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2018 Session

## JEFFREY GLENN MITCHELL v. CAROL ANN THOMAS MITCHELL

Appeal from the General Sessions Court for Blount County
No. S-17664        William R. Brewer, Jr., Judge

_____

No. E2017-00100-COA-R3-CV
_____

This is a post-divorce action involving the interpretation of certain provisions of the parties' marital dissolution agreement ("MDA") and allegations of contempt of court for failure to comply with the MDA. The Blount County General Sessions Court ("trial court") conducted a bench trial, took the matter under advisement, and directed the parties to each prepare proposed findings of fact and conclusions of law. The trial court subsequently adopted verbatim the wife's proposed findings and conclusions with what we determine to be insufficient explanation regarding the trial court's decision-making process. The husband has appealed. Because we are unable to ascertain whether the trial court's final order is an independent judgment of the court, we vacate the order and remand for sufficient findings of facts and conclusions of law that reflect the trial court's independent analysis and judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Elizabeth Sitgreaves, Brentwood, Tennessee, for the appellant, Jeffrey Glenn Mitchell.

Craig L. Garrett, Maryville, Tennessee, for the appellee, Carol Ann Thomas Mitchell.

## OPINION

### I. Factual and Procedural Background

Jeffrey Glenn Mitchell ("Husband") and Carol Ann Thomas Mitchell ("Wife") were divorced on October 28, 2011, by order of the trial court. They had two minor

children of the marriage, R.K.M., who was fifteen years of age at the time of the divorce, and D.T.M., who was eleven years old (collectively, "the Children"). Husband's primary source of income was from Benefit Consulting Services, Inc. ("BCS"), a company which was owned solely by Husband following the parties' divorce. The parties' MDA, which was incorporated into the trial court's divorce judgment, included the following relevant provisions:

> **CHILD SUPPORT:** The provisions of the Permanent Parenting Plan are hereby incorporated herein as if fully and specifically set out. Said Plan is adopted as Exhibit 1.
>
> * * *
>
> **PROPERTY DIVISION / CHILD SUPPORT:** The Husband shall pay to the Wife a combination of property division and child support that will be paid in three levels as set out below. All payments shall cease upon the death of either party. All property division payments to the Wife shall be non-deductible to the Husband, nor considered income to the Wife for federal income tax purposes. Should the Wife remarry or cohabitate with another individual who is not a family member, the Husband's obligation for the payment of property division portion shall terminate.
>
> **Stage 1:** Based upon the Husband's current yearly income of $250,000 and the Wife's ability to earn is $48,000 per year and that those amounts shall be used for child support worksheet calculation purposes now through the end of Stage 2, the date the parties['] younger minor child [D.T.M.], attains the age of majority and there is no longer a child support obligation for him, which is anticipated to occur on May 31, 2018, the date of his graduation from high school as to he will have attained the age of eighteen.
>
> As per the attached child support worksheets, Stage l, shall be from the date of the entry of the Final Decree of Divorce until May 31, 2014, when the parties' daughter, [R.K.M.] attains the age of majority and there is no longer a child support obligation for her. Husband shall pay a total amount of 28.8% ($6,000 / $250,000) of his gross annual income to the Wife, not to exceed a combination of child support and property division of $6,000.00 per month, which by way of current example would represent $2,082.00 per month child support and $3,918.00 per month as property division.

**Stage 2:** Beginning June 1, 2014, and continuing until the parties' son, [D.T.M.], attains the age of majority on May 31, 2018, and there is no longer a child support obligation for him, the Husband's monthly obligation of property division / child support shall be reduced to 24.0% of his annual income not to exceed $5,000.00 per month. By way of example this would represent a monthly obligation of child support of $1,624.00 (see child support worksheet attached hereto) and a monthly obligation of $3,376.00 as property division beginning June 1, 2014, and continuing until May 31, 2018, making a total payment of $5,000.00.

**Stage 3:** Beginning June 1, 2018, and continuing until May 31, 2021, the Husband's monthly obligation of property division shall be reduced to 13.2% of his annual income not to exceed $2,750.00 per month for a total of 36 months.

(Paragraph numbering omitted.)

The parties had also entered into an agreed permanent parenting plan ("PPP"), which provided that reasonable health insurance for the Children would be maintained by Husband and that any reasonable and necessary medical expenses not covered by health insurance would be paid by Husband. The parties subsequently reached an agreement that despite the health insurance provision of the PPP, Wife would provide health insurance for the Children through her employment, with Husband reimbursing her the cost of such health insurance. Both the PPP and child support worksheet demonstrate that Husband's initial child support obligation was $2,082.00 for both of the Children.

On January 10, 2014, Husband filed a "Motion to Clarify, Amend, Modify, and/or Void Final Judgment for Divorce as to Child Support Obligation and Property Division." Husband argued in his motion that a substantial change of circumstance had occurred because his income had decreased. Husband averred that the decrease of his income was not foreseeable or voluntary and that he was accordingly entitled to a downward modification of his child support obligation. Husband further contended that the MDA was "deficient, ambiguous, and contrary to the requirements of the Tennessee Income Shares Guidelines and Tenn. Comp. R. & Regs., Chapter 1240-2-4-.04(3)(a)" because it purportedly comingled the property division and child support obligations, was determined based on a percentage of Husband's income, and failed to designate how much of that amount would be categorized as child support. Husband argued that the trial court "must state a specific dollar amount [of child support], not a percentage of Adjusted Gross Income."

In March 2014, Wife filed an answer in response to Husband's motion, denying Husband's averment that a substantial change in circumstance existed and his assertion

that the MDA was deficient, ambiguous, and contrary to Tennessee law. Wife included in her response a counter-motion, requesting that the trial court find Husband to be in contempt of court due to his noncompliance with certain requirements in the MDA. Specifically, Wife alleged that Husband had failed to maintain a "vacation fund account for the benefit of [Wife]," as required by the MDA, and that none of the conditions that would terminate Husband's obligation to maintain the fund had occurred. According to Wife, Husband had also "unilaterally reduced his $6,000.00 a month payment which constituted child support of $2,082.00 and property division payment of $3,918.00 to the sum of $4,000.00" and the reduction was in violation of the trial court's order. Wife further requested an award of attorney's fees and associated expenses.

On December 16, 2014, Wife filed a motion to dismiss, which the trial court subsequently granted due to Husband's failure to prosecute his motion and respond to discovery requests. Wife subsequently filed an amended counter-motion on September 16, 2016, which included allegations of another violation by Husband of the court's order. Specifically, Wife alleged that Husband was required to pay all medical expenses of the Children pursuant to the PPP and that he had "failed and refused to pay the medical bills." According to Wife, she had also paid for some of the Children's medical bills and despite her requests, Husband had "failed and refused to reimburse" her. In the amended counter-motion, Wife again requested that Husband "be held in willful contempt" and that she be awarded her attorney's fees and court costs.

On September 19, 2016, Husband filed a motion, alleging that Wife's interpretation of the MDA was flawed and requesting an award of attorney's fees and costs that Husband had incurred defending against Wife's claims. All pending matters were heard during a hearing on September 20, 2016, which included testimony from Husband and Wife. Following the hearing, the trial court took the matter under advisement, requesting that the parties file respective proposed findings of fact and conclusions of law. The trial court entered an order on December 16, 2016, adopting verbatim those findings and conclusions prepared by Wife.

The trial court found, as part of the findings of fact and conclusions of law adopted in its December 16, 2016 order, that Husband was in willful contempt of court for his "failure to maintain the vacation fund, failure to pay the son's medical bills, and failure to make the payments owed" pursuant to the Property Division/Child Support section of the MDA. Also as part of the adopted findings and conclusions, the trial court awarded to Wife a judgment against Husband totaling $82,156.45; which included $73,763.00 in unpaid property division and child support payments; $2,093.97 for payment of the Children's medical bills; $2,400.00 for unpaid payments to the vacation fund account, and $3,899.48 owed to Wife for reimbursement of the Children's health insurance costs.

- 4 -

Following entry of the trial court's order on December 16, 2016, Wife filed a motion on January 13, 2017, requesting that she be awarded attorney's fees incurred in the matter. The trial court subsequently granted Wife's request for attorney's fees in the amount of $14,675.00 in its final order entered on May 26, 2017. The final order reflects that following the trial but before the final order was entered, Husband had paid to Wife the money he owed toward the vacation fund account and had paid D.T.M.'s outstanding medical bills. Husband timely appealed.

## II. Issues Presented

Husband has raised four issues for our review, which we have restated slightly:

1. Whether the trial court erred in its interpretation of the parties' MDA.

2. Whether the trial court erred by finding Husband to be in willful contempt of court and in calculating the amounts owed by Husband pursuant to the MDA.

3. Whether the trial court erred in finding that Husband was voluntarily underemployed for purposes of his child support and property distribution obligations.

4. Whether the trial court erred in awarding to Wife her attorney's fees, and whether Husband should be awarded his attorney's fees.

Wife has also presented the following issue, which we have similarly restated:

5. Whether Wife is entitled to attorney's fees on appeal.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *See Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent

clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

Marital dissolution agreements are contractual and, once approved by the trial court, "become legally binding obligations on the parties." *Long v. McAllister-Long*, 221 S.W.3d 1, 8-9 (Tenn. Ct. App. 2006), *perm. app. denied* (Tenn. Jan. 29, 2007) (explaining that with the two "notable exceptions" of child support and alimony, which remain modifiable by the courts, "the agreements in a marital dissolution agreement are enforceable contract obligations"). We review issues of contract interpretation *de novo. See Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013). As this Court has previously explained:

> In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002) (citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern. *Planters Gin Co.*, 78 S.W.3d at 890. The parties' intent is presumed to be that specifically expressed in the body of the contract. "In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy." *Id*. (quoting 17 Am. Jur. 2d, *Contracts*, § 245).

*Kafozi v. Windward Cove, LLC*, 184 S.W.3d 693, 698 (Tenn. Ct. App. 2005), *perm. app. denied* (Tenn. Jan. 30, 2006).

### IV. Independent Judgment of the Trial Court

As a threshold issue, we first address whether the trial court's judgment, in which the court adopted verbatim Wife's proposed findings of fact and conclusions of law, was the independent judgment of the trial court. Upon a thorough review of the record, we cannot make a determination that the proposed findings of fact and conclusions of law prepared by Wife represent the trial court's own independent analysis and judgment.

A trial court speaks through its written orders, *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015), and the judgment entered by the trial court must be the independent judgment of the trial court, *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014). *In Smith*, our Supreme Court explained the importance of the trial court's providing legal reasoning for its decision:

> The essential purposes of courts and judges are to afford litigants a public forum to air their disputes, and to adjudicate and resolve the disputes between the contending parties. To carry out these purposes, judges must arrive at their decisions by applying the relevant law to the facts of the case. <u>Because making these decisions is a "high judicial function," a court's decisions must be, and must appear to be, the result of the exercise of the trial court's own judgment</u>.

*Smith*, 439 S.W.3d at 312 (footnotes and other internal citations omitted) (emphasis added).

In making its determination in *Smith*, the Tennessee Supreme Court analyzed a decision from the United States Supreme Court, wherein the Supreme Court "criticized federal trial courts for their 'verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record.'" *Smith*, 439 S.W.3d 303, 314-15 (Tenn. 2014) (quoting *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 572 (1985)). In *Anderson v. City of Bessemer City*, the United States Supreme Court had declined to hold that the trial court's adoption of proposed findings of fact was reversible error because the High Court found that the record demonstrated that the trial court's findings and conclusions "represent[ed] the judge's own considered conclusions." 470 U.S. 564, 572 (1985). The Supreme Court arrived at this decision because the trial court had filed a memorandum opinion explaining its decision and rationale prior to requesting party-prepared findings and conclusions and because the trial court had revised the party-prepared findings and conclusions such that the findings and conclusions ultimately adopted by the lower court "varied considerably in organization and content" from those submitted by counsel. *Anderson,* 470 U.S. at 572.

Drawing upon the United States Supreme Court's decision in *Anderson*, the Tennessee Supreme Court explained as follows:

> A trial court's verbatim adoption of verbiage submitted by the prevailing party detracts from the appearance of a hardworking, independent judge and does little to enhance the reputation of the judiciary. At the very least, it gives rise to the impression that the trial judge either has not considered

- 7 -

the losing party's arguments, or has done little more than choose between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and applicable legal principles. At worst, it risks creating an appearance of bias or the impression that the trial court ceded its decision-making responsibility to one of the parties.

*Smith*, 439 S.W.3d at 315 (footnotes and other internal citations omitted).

The Tennessee Supreme Court went on to explain that party-prepared findings of fact, conclusions of law, or orders could be acceptable so long as two conditions are satisfied. *Smith*, 439 S.W.3d at 315-16. The *Smith* Court instructed that (1) party-prepared findings of fact and conclusion of law "must accurately reflect the decision of the trial court" and (2) "the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id.* at 316. As such, the Court explained that appellate courts have declined to accept party-prepared findings, conclusions, and orders when the record fails to provide insight into the trial court's reasoning to support its decision or the record raises a question as to whether the findings, conclusions, and orders are the trial court's own independent judgment. *Id.* The *Smith* Court recognized that the ultimate concern regarding party-prepared findings and conclusions is the "fairness and independence of the trial court's judgment." *Id.*

Although *Smith* involved summary judgment, this Court has previously applied the reasoning in *Smith* to proceedings not involving summary judgment. *See, e.g., Deberry v. Cumberland Elec. Membership Corp.*, No. M2017-02399-COA-R3-CV, 2018 WL 4961527, at *2 (Tenn. Ct. App. Oct. 15, 2018) ("Because of the non-existence of an oral ruling along with the near verbatim adoption of plaintiff's findings and conclusions, we cannot parse out whether the order was the trial court's own independent judgment."); *In re Dakota M.*, No. E2017-01855-COA-R3-PT, 2018 WL 3022682, at *6 (Tenn. Ct. App. June 18, 2018) ("The order . . . does not allow us to conclude that the order was the result of the court's 'own considered conclusions.'" (quoting *Smith*, 439 S.W.3d at 315)) (other internal citations omitted); *In re Colton B.*, No. M2017-00997-COA-R3-PT, 2017 WL 6550620, at *5 (Tenn. Ct. App. Dec. 22, 2017) ("Given the nearly identical recitation of facts contained in the petition and the final order, coupled with the trial court's sparse oral ruling, we must conclude that the record 'casts doubt' as to whether the trial court exercised its independent judgment in this case." (citing *Smith*, 439 S.W.3d at 316)).

In the instant case, the statement of the evidence approved by the trial court reflects that the court made no oral ruling at the conclusion of trial but instead took the matter under advisement, directing each party to submit proposed findings of fact and conclusions of law. The record is devoid of any direction provided to the parties by the trial court in drafting their proposed findings and conclusions. In its December 16, 2016

order, the trial court subsequently adopted verbatim Wife's proposed findings of fact and conclusions of law in their entirety. The trial court made no modifications to either the verbiage or organization of Wife's proposed findings and conclusions prior to their adoption. In its December 16, 2016 order, the trial court stated as follows regarding its findings of fact and conclusions of law:

> The primary issue before the Court was the interpretation and implementation of paragraph 27 of the original Marital Dissolution Agreement titled Property Division/Child Support.
>
> The Court heard from the parties and received several documents as evidence.
>
> At the close of the proof, the Court directed the parties to file proposed finding of facts and conclusions of law. The Court has reviewed the pleadings, the exhibits, the Court's notes from the parties' testimony and the proposed findings of fact and conclusion of law. Further, the Court has reviewed the relevant statutes and case law concerning the issues raised.
>
> It is the Court's opinion that the findings of fact and conclusions of law filed by [Wife] shall be adopted by the Court as the Court's findings of fact and conclusions of law.
>
> IT IS THEREFORE ORDERED that the Court's findings of fact and conclusions of law shall be Findings 1 through 49 and Conclusions 1 through 13 filed by [Wife] on November 4, 2016, as if specifically set out herein.

In its subsequent final order, dated May 26, 2017, the trial court reiterated its adoption of Wife's findings of fact and conclusions of law as follows:

> THIS MATTER came on to be heard on the 30th day of September, 2016, before the Honorable William R. Brewer, Jr., Judge of the General Sessions Court for Blount County, Tennessee, at which time the Court heard testimony of the parties and considered the additional evidence, exhibits and argument of counsel, at which time the Court took the matter under advisement and instructed the parties to submit proposed findings of fact and conclusions of law. The parties complied and submitted their respective Proposed Findings of Fact and Conclusions of Law and this Court, by Order dated December 16, 2016, concluded that the Findings of Fact and Conclusions of Law filed by [Wife], were adopted by the Court as

the Court's Findings of Fact and Conclusions of Law and the Court so Ordered.

* * *

Based upon the entire record before the Court, it is therefore, ORDERED, ADJUDGED and DECREED as follows:

1. The Court hereby adopts the Findings of Fact and Conclusions of Law submitted by [Wife] as the Findings of Fact and Conclusions of Law of the Court and specifically incorporates by reference Findings No. 1 - 49 and Conclusions No. 1 - 13 filed with the Court on November 4, 2016.

The trial court provided no further reasoning supporting its decision to adopt Wife's findings and conclusions over Husband's.

As the *Smith* Court cautioned, the trial court's verbatim adoption of Wife's findings of fact and conclusions of law without any oral ruling or direction from the trial court raises the appearance that the court merely chose "between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and applicable legal principles." *See Smith*, 439 S.W.3d at 315. Party-prepared findings of fact and conclusions of law are only appropriate if the findings and conclusions accurately reflect the trial court's decision and if the record does not create doubt as to whether the findings and conclusions represent "the trial court's own deliberations and decision." *See id.* at 315-16.

Based upon the record before us, we cannot make a determination that Wife's proposed findings of fact and conclusions of law, adopted verbatim by the trial court, represent the trial court's own independent analysis and judgment and not that of Wife or Wife's counsel. Ergo, we vacate the trial court's judgment and remand for entry of findings of fact and conclusions of law that reflect the trial court's independent "deliberations and decision." *See Smith*, 439 S.W.3d at 316. As such, all remaining issues on appeal are pretermitted as moot.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion and for collection of costs assessed below. Costs on appeal are taxed one-half to the appellant, Jeffrey Glenn Mitchell, and one-half to the appellee, Carol Ann Thomas Mitchell.

_____
THOMAS R. FRIERSON, II, JUDGE