# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 6, 2018 Session

## STEVEN L. McCULLOUGH v. DAN RAWLS D/B/A CLEVELAND PERFORMANCE CENTER

**Appeal from the Circuit Court for Bradley County**
**No. V-14-198          Jerri S. Bryant, Chancellor[1]**

_____

### No. E2018-00016-COA-R3-CV
_____

In this breach of contract action, the trial court entered a judgment against the individual defendant for the plaintiff's damages and attorney's fees. The defendant subsequently filed a motion to alter or amend the judgment, asserting that he could not be held personally liable for damages because the work he had performed for the plaintiff was conducted through his business, which was a limited liability company. The trial court denied the motion to alter or amend, determining that there were no facts presented at trial to support the defendant's contention that he was operating his business as a limited liability company. The defendant timely appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Wencke West, Cleveland, Tennessee, for the appellant, Dan Rawls d/b/a Cleveland Performance Center.

Ginger Wilson Buchanan, Cleveland, Tennessee, for the appellee, Steven L. McCullough.

_____

[1] Sitting by interchange.

**OPINION**

## I. Factual and Procedural Background

On September 12, 2013, Steven L. McCullough filed an action in the Bradley County General Sessions Court ("sessions court") against Dan Rawls d/b/a Cleveland Performance Center ("CPC"), alleging that Mr. McCullough's vehicle had been damaged when Mr. Rawls made faulty and unapproved repairs to it. Judge Daniel Swafford recused himself from the matter, and Judge Lila Statom was designated to hear the case. Judge Statom conducted a trial on January 24, 2014, and entered a judgment in favor of Mr. McCullough in the amount of $3,250.00 plus interest.

On February 3, 2014, Mr. Rawls filed a motion with the sessions court, seeking to have the judgment against him set aside because, according to Mr. Rawls, CPC was a limited liability company ("LLC"), of which he was merely a member. Mr. Rawls thus asserted that he could not be held personally liable for any claims against CPC. Mr. McCullough filed a response on March 10, 2014, stating that Mr. Rawls had failed to previously raise the issue that CPC was an LLC. Mr. McCullough also asserted that CPC's LLC had been administratively dissolved on August 9, 2011, and had only recently been reinstated on February 12, 2014, after the judgment at issue was entered. Additionally, Mr. McCullough attached his invoices from CPC, purportedly to demonstrate that Mr. Rawls did not represent to the public that CPC was an LLC.

Mr. McCullough appealed the judgment of the sessions court to the Bradley County Circuit Court ("trial court") on March 17, 2014. Although an order concerning the disposition of Mr. Rawls's motion to set aside the judgment does not appear in the record, Mr. McCullough's notice of appeal states that the motion was disposed of on March 12, 2014.

On June 3, 2014, Mr. McCullough filed a motion in the trial court, seeking to amend his complaint. Mr. McCullough's proposed amended complaint added an allegation that Mr. Rawls had breached a contract with Mr. McCullough by overcharging Mr. McCullough for work performed on his vehicle and by failing to perform the work properly. Mr. McCullough further alleged that Mr. Rawls was negligent because he caused damage to the body and paint of Mr. McCullough's car. Additionally, Mr. McCullough stated claims pursuant to the Tennessee Consumer Protection Act ("TCPA") and for breach of the implied warranty of fitness for a particular purpose. Mr. McCullough sought compensatory damages in the amount of $25,000.00 plus treble damages and attorney's fees pursuant to the TCPA.

On July 1, 2014, Judge Michael Sharp recused himself from the matter, and Chancellor Jerri S. Bryant was designated to hear the case by interchange on July 3,

2014. The trial court subsequently granted Mr. McCullough leave to file his amended complaint.

On November 4, 2014, Mr. Rawls filed an "Answer and Counter Petition," wherein he denied the allegations of negligence and breach of contract. Mr. Rawls further denied the claims pursuant to the TCPA and for breach of implied warranty. As an affirmative defense, Mr. Rawls asserted, *inter alia*, that Mr. McCullough had failed to join an indispensable party, namely the LLC. In his counter-complaint, Mr. Rawls claimed that Mr. McCullough was liable for extortion. Mr. McCullough subsequently filed an answer wherein he denied this claim.

On November 30, 2015, Mr. Rawls filed a motion seeking dismissal of the complaint against him and CPC. Mr. Rawls asserted that CPC was an LLC, of which he was merely a member. Mr. Rawls claimed that all work was performed by and through the LLC and that he informed Judge Statom of this fact during the January 24, 2014 trial in sessions court. Although he acknowledged that the LLC had been administratively dissolved on August 9, 2011, Mr. Rawls asserted that the LLC had been reinstated as of February 12, 2014, and that such reinstatement related back to the date of the administrative dissolution pursuant to Tennessee Code Annotated § 48-245-303(c). Mr. Rawls further claimed that he had notified Mr. McCullough of CPC's LLC status prior to the filing of the appeal but that Mr. McCullough had failed to sue or serve the LLC as a party. Mr. Rawls therefore asserted that the claims against him and CPC should be dismissed. Mr. Rawls attached to his motion a copy of CPC's filing information from the Secretary of State, demonstrating the LLC's current status as "active."

On February 11, 2016, Mr. McCullough filed a response to the motion to dismiss, again asserting that Mr. Rawls had never held CPC out as an LLC. Mr. McCullough further stated that he had requested the production of documents related to the LLC but that Mr. Rawls had objected to such requests on the basis that the LLC was not a party to the action. Mr. McCullough attached invoices from CPC, which do not explicitly denote that CPC is an LLC. Mr. McCullough additionally attached copies of his request for production of documents and Mr. Rawls's response.

The trial court conducted a hearing concerning the motion to dismiss on April 27, 2016. On May 11, 2016, the trial court entered a written order, wherein the court found that "there were no facts before the Court supporting [that] the Defendant was operating the business under Cleveland Performance, LLC at the time in question." The court further found that "if the Defendant is asserting that the wrong party was sued the Plaintiff is entitled to have the information requested through the Interrogatories and Request for Production of Documents to determine if the wrong party has been sued . . . ." The court thus denied the motion to dismiss and ordered Mr. Rawls to respond to the discovery previously propounded upon him within thirty days.

On December 21, 2016, Mr. Rawls nonsuited his counter-complaint. Thereafter, on May 8 and 22, 2017, the trial court conducted a bench trial. By order entered August 8, 2017, the trial court ultimately determined that Mr. Rawls was liable to Mr. McCullough for breach of contract and violation of the TCPA. Mr. Rawls was ordered to pay Mr. McCullough $9,761.35 in damages plus attorney's fees. In a subsequent order, the trial court directed Mr. Rawls to pay attorney's fees to Mr. McCullough in the amount of $4,997.50, as well as discretionary costs in the amount of $989.25.

On September 5, 2017, Mr. Rawls filed a motion to alter or amend, asserting that the trial court erred by, *inter alia*, failing to find that CPC was an LLC, such that Mr. Rawls would be shielded from individual liability. The trial court conducted a hearing on the motion on October 19, 2017, entering a written order on December 6, 2017. In its order, the court explained that it had previously found in its May 11, 2016 order that "there were no facts before the Court to support Defendant's contention that he was operating his business under Cleveland Performance LLC." The court additionally noted that there were "no exhibits entered at trial and no proof was presented at trial that Defendant was operating as an LLC." The court therefore denied Mr. Rawls's motion to alter or amend. Mr. Rawls timely appealed. Mr. Rawls subsequently provided notice that no transcript or statement of the evidence would be filed.

## II. Issue Presented

Mr. Rawls presents the following issue for our review, which we have restated slightly:

Whether the trial court erred by determining that Cleveland Performance Center was not a valid limited liability company.

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *See Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

## IV. Proof Concerning Status of CPC

On appeal, Mr. Rawls argues that pursuant to Tennessee Code Annotated § 48-245-303(c) (2012), when an LLC is administratively dissolved and subsequently reinstated by the secretary of state, such reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution and the LLC resumes carrying on its business as if the administrative dissolution had never occurred." Mr. Rawls thus argues that Cleveland Performance Center, LLC, although administratively dissolved at the time of the transaction herein, was reinstated on February 12, 2014, and that such reinstatement related back to the time of the dissolution.

Mr. McCullough asserts, however, that the trial court was presented with no evidence regarding CPC's LLC status at trial. In its May 11, 2016 order concerning the motion to dismiss filed by Mr. Rawls and the motion to compel discovery filed by Mr. McCullough, the trial court found:

> [T]here were no facts before the Court supporting [that] the Defendant was operating the business under Cleveland Performance, LLC at the time in question. Upon arguments on the Motion to Compel Discovery previously propounded to the Defendant, the Court found that if the Defendant is asserting that the wrong party was sued the Plaintiff is entitled to have the information requested through the Interrogatories and Request for Production of Documents to determine if the wrong party has been sued and if Defendant seeks to prove the LLC was operating the business, the discovery must be provided to the Plaintiff.

Following trial, the trial court entered an order explaining its factual findings concerning the transaction in question and awarding a judgment to Mr. McCullough. The appellate record contains no transcript of the trial or statement of the evidence. Mr. Rawls's written closing argument submitted prior to entry of the trial court's judgment does not mention CPC's LLC status. Likewise, the trial court's August 8, 2017 order entered following the trial does not mention any claim of an LLC.

On September 5, 2017, Mr. Rawls filed a motion to alter or amend, alleging that the trial court erred by failing to hold that CPC was an LLC and that Mr. Rawls thereby had no personal liability. The trial court entered a subsequent order on December 6, 2017, wherein the court explained:

> It is the Defendant's position that Cleveland Performance Center was an LLC and not a sole proprietorship. The Court conducted a hearing on April 27, 2016 and entered an order May 11, 2016 finding there were no facts before the Court to support Defendant's contention that he was operating his business under Cleveland Performance LLC. The Court has

- 5 -

no exhibits entered at trial and no proof was presented at trial that Defendant was operating as an LLC. This ground on the motion to alter or amend is hereby overruled.

Tennessee Rule of Appellate Procedure 24(b) provides that it is the appellant's duty to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tennessee Rule of Appellate Procedure 24(c) states that where a transcript is not available or affordable, "the appellant shall prepare a statement of the evidence" which "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." In this matter, we have been provided neither a transcript of the hearing nor a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24. Although we have been provided with the trial exhibits, none of those exhibits support Mr. Rawls's contention that he was operating CPC as an LLC.

It is well settled that in cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. *See Fayne v. Vincent*, 301 S.W.3d 162, 169-70 (Tenn. 2009) ("[W]hen an issue of sufficiency of the evidence is raised on appeal, we must presume, in the absence of a record of the proceedings, that the transcript or statement of the evidence, had it been included in the record, would have contained sufficient evidence to support the trial court's factual conclusions."); *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007) (explaining that in the absence of a transcript or statement of the evidence, the appellate court had to presume that the evidence supported the trial court's findings and ultimate conclusion that there was a failure of proof); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) ("This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings."). Because we have not been provided with a transcript or statement of the evidence in the case at bar, we accordingly must presume that the trial court's finding is correct that there was insufficient evidence presented at trial concerning CPC's status as an LLC.

The trial court indicated in its May 11, 2016 pre-trial order that it had no facts to support Mr. Rawls's claim that he was operating CPC as an LLC. The court instructed Mr. Rawls to provide discovery to Mr. McCullough in order to prove that "the wrong party was sued." Mr. McCullough never amended his complaint to add the LLC as a party, and Mr. Rawls never filed any motion seeking to join the LLC as a party defendant. The trial court's December 6, 2017 order reflects a failure of proof concerning CPC's status as an LLC, and without a transcript or statement of the evidence, this Court must presume that the proof (or lack thereof) supported this finding. *See*

*Fayne*, 301 S.W.3d at 169-70.  As such, we must affirm the trial court's denial of Mr. Rawls's motion to alter or amend the judgment based on CPC's alleged LLC status.

## V.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. Costs on appeal are taxed to the appellant, Dan Rawls d/b/a Cleveland Performance Center.  This matter is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE